```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
                                    :
PATRIOT SCIENTIFIC CORPORATION,     :
                                    :   Civil Action No.
                Plaintiff,          :
                                    :
        v.                          :   COMPLAINT
                                    :   FOR PATENT INFRINGEMENT
SONY CORPORATION OF AMERICA,        :
                                    :
                Defendant.          :
                                    :   [JURY TRIAL DEMANDED]
------------------------------------X
```

Plaintiff Patriot Scientific Corporation ("Patriot Scientific"), by its attorneys, Beatie and Osborn LLP, for its Complaint against defendant Sony Corporation of America ("Sony"), alleges:

1. This is a civil action arising under the Patent Laws of the United States, 35 U.S.C. §§ 101, et seq., for damages and injunctive relief pursuant to 35 U.S.C. §§ 271, et seq.

## PARTIES

2. Plaintiff Patriot Scientific is incorporated under the laws of the State of Delaware; maintains its principal place of business at 10989 Via Frontera, San Diego, California; and is engaged in the business of developing and owning intellectual property, integrated circuits, and systems level engineering.

3. Defendant Sony maintains its principal place of business at 550 Madison Avenue, New York, New York; and is engaged in the business of, among other things, the manufacture of audio, video, communications, and information technology products for consumer and professional markets in the United States, including the State of New York.

## JURISDICTION AND VENUE

4. This Court has original jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States.

5. This action is properly venued in this district under 28 U.S.C. §§ 1391(c) and 1400(b) because defendant does business in this district and committed acts of patent infringement in this district.

## FACTUAL BACKGROUND

6. On September 15, 1998, United States Patent No. 5,809,336 entitled "High Performance Microprocessor Having Variable Speed System Clock" ("'336 Patent") was duly and legally issued naming Charles H. Moore and Russell H. Fish, III, as inventors and Patriot Scientific as assignee. A copy of the '336 Patent is attached as Exhibit A.

7. Patriot Scientific is an owner of rights, title, and interest in the '336 Patent, including the right to bring this action for injunctive relief and damages.

8. Defendant has manufactured, assembled, used, sold, offered for sale, imported, and/or distributed within the United States, including specifically within the State of New York, computers, laptop computers, and DVD equipment and/or server systems which include but are not limited to the following:

VAIO V505A Series;

VAIO PCG-GRX700 CTO - LP4M;

VAIO PCG-GRX700 CTO - Power;

VAIO PCG-GRX700 CTO - Works;

VAIO PCG-GRS700 CTO - LP4M;

VAIO PCG-GRS700 CTO - Basic;

VAIO PCG-GRS700 CTO - Power;

VAIO RZ simple;

VAIO RZ gamer;

VAIO RZ UDL;

VAIO W Series;

RDR-GX7;

DAV-C990; and

SLV-D300P (collectively, "Sony Products").

9.  Defendant has made, used, assembled, sold, offered to sell, imported, and/or distributed devices and/or systems which include but are not limited to the Sony Products in accordance with the principles and claims of the '336 Patent.

### FIRST CLAIM FOR RELIEF
### [Direct Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(a)]

10. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 9 of the Complaint as if they were set forth here in full.

11. Defendant has manufactured, assembled, used, sold, offered for sale, imported, and/or distributed within the United States, including specifically within New York, devices and/or systems which include but are not limited to the Sony Products and which infringe one or more claims of the '336 Patent directly in violation of 35 U.S.C. § 271(a).

12. Defendant has made, assembled, used, sold, offered to sell, imported, and/or distributed and continues to make, assemble, use, sell, offer to sell, import, and/or distribute within the United States, including specifically within New York, devices and/or systems which include but are not limited to the Sony Products that come within a range of equivalents of the claims of the '336 Patent, therefore infringing one or more claims of the '336 Patent.

13. Defendant has made, assembled, used, sold, offered to sell, imported, and/or distributed within the United States, including specifically within New York, infringing devices and/or systems which include but are not limited to the Sony Products without authority or license from Patriot Scientific, and in violation of Patriot Scientific's rights, and therefore infringes the '336 Patent.

14. The unlawful infringing activity by the defendant is continuing and will continue unless enjoined by this Court.

15. Defendant has had actual knowledge of the '336 Patent and has willfully, deliberately, and intentionally infringed the claims of the '336 Patent.

16. The acts of infringement by the defendant have damaged Patriot Scientific and unless the infringement is enjoined by this Court, plaintiff will suffer further damage.

17. The amount of money damages suffered by Patriot Scientific from the acts of infringement by defendant cannot be determined without discovery, and is, therefore, subject to proof at trial.

18. Patriot Scientific is entitled to a complete accounting of all revenue derived by defendant from the unlawful conduct alleged in this Complaint. In addition, the harm to

Patriot Scientific from defendant's acts of infringement is not fully compensable by money damages.

19. Patriot Scientific has suffered, and continues to suffer, irreparable harm, has no adequate remedy at law, and will continue to suffer irreparable harm unless defendant's conduct is enjoined. Patriot Scientific, therefore, also requests a preliminary injunction and a permanent injunction at the entry of judgment, to prevent additional infringement.

## SECOND CLAIM FOR RELIEF
### [Inducement of Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(b)]

20. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 19 of the Complaint as if they were set forth here in full.

21. Defendant has actively induced, and is now inducing, infringement of the '336 Patent by selling within the United States, including specifically within New York, devices and/or systems which include but are not limited to the Sony Products in the United States and teaching users to use those devices and/or systems in a manner which infringes one or more claims of the '336 Patent in violation of 35 U.S.C. § 271(b).

22. Unlawfully, defendant has derived, and continues to derive, income and profits by inducing others to infringe the '336 Patent; and Patriot Scientific has suffered, and continues to

suffer, damages because of defendant's inducement to infringe the '336 Patent.

23. Patriot Scientific has suffered, and will continue to suffer irreparable damage for which it has no adequate remedy at law because of defendant's inducement of others to infringe the '336 Patent, and will continue to be harmed unless defendant is enjoined from further acts of inducement.

### THIRD CLAIM FOR RELIEF
### [Contributory Infringement of U.S. Patent No. 5,809,336 Under 35 U.S.C. § 271(c)]

24. Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 23 of the Complaint as if they were set forth here in full.

25. Defendant has offered to sell or has sold within the United States components of the Sony Products claimed in the '336 Patent, and apparatus for use in practicing the processes claimed in the '336 Patent.

26. In violation of 35 U.S.C. § 271(c), the components and apparatus constitute a material part of the inventions in the '336 Patent and were especially made or especially adapted for use in an infringement of the '336 Patent and were not a staple article or commodity of commerce suitable for substantial noninfringing uses.

27.  Defendant will continue to contribute to the infringement of the '336 Patent unless enjoined by this Court.

28.  Defendant has derived, and continues to derive, unlawful profits by contributing to the infringement of the '336 Patent, and has suffered, and continues to suffer, damages because of defendant's contributory infringement of the '336 Patent.

29.  Patriot Scientific has suffered, and will continue to suffer, irreparable harm because of defendant's contributory infringement of the '336 Patent, unless defendant is enjoined from further contributory infringement.

### FOURTH CLAIM FOR RELIEF
### [Unjust Enrichment]

30.  Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 29 of the Complaint as if they were set forth here in full.

31.  Defendant has no right, title, or interest in or to the '336 Patent or any other property of Patriot Scientific.

32.  Defendant has benefitted, at the expense of Patriot Scientific, from defendant's exploitation, marketing, manufacturing, assembling, sale, offering to sell, importing, or distributing the inventions revealed and claimed in the '336 Patent.

33.  Defendant has obtained or will obtain considerable profits and market share by the unauthorized manufacturing,

```
```

assembling, use, sale, offering to sell, importing, distribution, and exploitation of the inventions claimed in the '336 Patent.

34.  Defendant has known of the '336 Patent and has known of the benefit it has derived from the unauthorized manufacture, assembling, use, sale, offering to sell, importing, distribution, and exploitation of the inventions claimed in the '336 Patent.

35.  Defendant is not entitled to any profits or market share by way of the exploitation, marketing, manufacture, assembling, sale, offering to sell, importing, or distribution of the inventions revealed and claimed in the '336 Patent.

36.  It is unjust and inequitable for defendant to retain the profits and market share derived from its unauthorized manufacture, assembling, use, sale, offering to sell, importing, distribution, and exploitation of the inventions claimed in the '336 Patent, without payment of fair value to Patriot Scientific.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff Patriot Scientific respectfully prays for relief and judgment against the defendant as follows:

(a)  that the Court adjudges U.S. Patent No. 5,809,336 valid, enforceable, and infringed by the defendant;

(b)  permanently enjoining the defendant, its representatives, assignees or successors, or any subsidiaries, divisions, agents, servants, employees of the defendant, and/or those in

privity with the defendant from infringing, contributing to the infringement of, and inducing infringement of U.S. Patent No. 5,809,336, and for all further and proper injunctive relief pursuant to 35 U.S.C. § 283;

      (c)  for an order directing defendant to account for all revenue derived from the unlawful conduct alleged in this Complaint.

      (d)  for an order awarding plaintiff Patriot Scientific monetary damages from the defendant for past infringement, including but not limited to a reasonable royalty, plus applicable pre- and post-judgment interest, and costs to which plaintiff is entitled under 35 U.S.C. § 284, as well as attorneys' fees pursuant to 35 U.S.C. § 285 or other applicable law;

      (e)  for an order, pursuant to 35 U.S.C. § 284, awarding up to treble damages for the willful, deliberate, and intentional infringement by the defendant; and

      (f)  for any other relief this Court deems just and proper under the circumstances.

## JURY TRIAL DEMAND

Plaintiff respectfully requests a trial by jury on all triable issues pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Dated:  New York, New York

December 22, 2003

        BEATIE AND OSBORN LLP

        By:_____/s/_____
           Russel H. Beatie (RB-4439)
           Curt D. Marshall (CM-9692)
        Attorneys for Plaintiff
        521 Fifth Avenue, Suite 3400
        New York, New York  10175
        (212) 888-9000